# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DUSAN DRAGISICH,**

  **Plaintiff,**

 **v.**                                           **Case No. 25-CV-271**

**WISCONSIN DEPARTMENT OF CORRECTIONS,** *et al.*,

  **Defendants.**

---

## ORDER

---

On February 24, 2025 plaintiff Dusan Dragisich, who at the time was incarcerated and is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On May 2, 2025, the court screened Dragisich's complaint and found that he failed to state a claim upon which relief could be granted because his allegations were too voluminous and vague in violation of Federal Rule of Civil Procedure 8(a)(2). (ECF No. 9.) However, the court granted Dragisich an opportunity to amend his complaint, instructing him to file an amended complaint on or before May 24, 2025. The court cautioned Dragisich that if he did not file an amended complaint by that deadline, the court would dismiss the case based on his failure to state a claim in his original complaint and would issue him a "strike" under 28 U.S.C. § 1915(g).

Dragisich then filed four motions for extension of time, which the court granted, ultimately making the deadline to amend the complaint March 26, 2026.

(ECF Nos. 11, 12, 15, 16.) The March 26, 2026, deadline has passed, and Dragisich did not file an amended complaint nor file an explanation as to why he was unable to do so. As such, the court dismisses his case for failure to state a claim as described above.

The court has jurisdiction to dismiss the complaint in light of Dragisich's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

### CONCLUSION

**IT IS THEREFORE ORDERED** that that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Dragisich has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an

extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of April, 2026.

STEPHEN DRIES
United States Magistrate Judge

3